UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE JESUS PEDRAZA PULIDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01296-TWP-MJD |
| ) | |
| RENE REYNOSO, JR., ) | |
| ) | |
| Defendant. ) | |

**PARTIAL ORDER ON DEFENDANTS' MOTIONS *IN LIMINE***

This matter is before the Court on Defendant Rene Reynoso, Jr's. ("Defendant" or "Officer Reynoso") *Motion in Limine* ([Filing No. 78](Filing No. 78)). This action is set for a final pretrial conference on June 4, 2025 and a jury trial beginning on June 23, 2025. Defendant timely filed the instant Motion *in limine*, but because of medical reason, Plaintiff has not timely responded. The Court is able to rule on several of the motions without the benefit of Plaintiff's response. Because of the impending final pretrial conference and trial date, the Court issues this partial order on requests 2, 3, 4, 7, 10, 11, 12 and 14; and in the interest of justice, will give Plaintiff additional time to respond to requests 1, 5, 6, 8, 9 and 13.

**I.     BACKGROUND**

Mr. Pedraza initiated this civil rights action asserting claims under 42 U.S.C. § 1983 alleging that Officer Reynoso violated his right against unreasonable seizures in violation of the Fourth Amendment of the U.S. Constitution. The Complaint raised four claims: Count 1 alleged Officer Reynoso, along with the Indianapolis Metropolitan Police Department ("IMPD") and the City of Indianapolis, committed a "Terry Stop" violation because Officer Reynoso lacked reasonable suspicion to initiate a traffic stop of Mr. Pedraza's vehicle.  Count II alleged Officer

Reynoso committed false arrest when he arrested Mr. Pedraza without probable cause following the traffic stop.  Count III was an excessive detention claim against Officer Reynoso, the IMPD, and the City of Indianapolis.  Count IV was a claim for compensatory and punitive damages.

On February 10, 2025, the Court denied Plaintiff's Partial Motion for Summary Judgment and granted in part and denied in part Defendant's Motion for Summary Judgment.  (Filing No. 71).  As to Count I, the Court granted summary judgment with respect to the IMPD and the City of Indianapolis and denied summary judgment with respect to Officer Reynoso.  As to Counts II and III, the Court granted summary judgment with respect to all defendants.  Finally, as to Count IV, the Court granted summary judgment with respect to the claim for punitive damages and denied summary judgment with respect to the claim for compensatory damages.  The sole remaining claim is Plaintiff's Count I: "Terry Stop" claim against Defendant Reynoso and the claim for compensatory damages.

## II.     LEGAL STANDARDS

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

### III.  DISCUSSION

Officer Reynoso moves *in limine* to preclude the admission of fourteen (14) categories evidence.  (Filing No. 79).  Pedraza's counsel failed to timely respond to the Defendant's motion because of certain medical conditions he recently suffered, which counsel disclosed to the court staff via email on May 27, 2025 (*See* Filing No. 105-1), and later in a Motion to Continue the Final Pretrial Conference. (Filing No. 104).  The Court finds it can rule on some of the Defendant's requests now but will grant Plaintiff leave to file responses to the remaining requests. With respect to requests 1, 5, 6, 8, 9 and 13, Mr. Pedraza may have until **5:00 p.m. on Tuesday, June 3, 2025,** to respond.  If no response is filed, the Court will accept that silence as acquiesces. With respect to requests 2, 3, 4, 7, 10, 11, 12 and 14, the Court makes the following rulings.

**Request 2: News and media reports concerning this incident or any alleged constitutional violations or racial profiling by law enforcement involving IMPD or any other law enforcement agency.**

Request 2 seeks to prohibit any reference to or evidence of news or media reports concerning the incident at issue or "any alleged constitutional violations or racial profiling by law enforcement involving IMPD or any other law enforcement agency." *Id.* at 2.  Defendant argues that "such news and media reports are hearsay and would only serve to inflame the passions of the jury and kindle hostility towards the Defendant. Pursuant to FED. R. EVID. 403, 801, and 802". *Id*.

As a general matter, out of court statements offered for the truth of the matter asserted are inadmissible hearsay under Federal Rules of Evidence 801 and 802.  With respect to news stories concerning this incident, the Court agrees those reports would be inadmissible hearsay. With respect to new reports of alleged constitutional violation of racial profiling by law enforcement in general, the Court agrees those reports would be hearsay. The Court cannot think of any reason

such new accounts would be relevant to these proceedings and such accounts are likely to impermissibly inflame the passions of the jury. Accordingly, the Court **grants** the motion *in limine*.

### Request 3: Lawsuits filed against Officer Reynoso, the IMPD, the City of Indianapolis, or any other individual law enforcement officer.

Request 3 seeks to prohibit Mr. Pedraza from referring to or admitting evidence of any other lawsuit filed against the Defendant, the City of Indianapolis, the IMPD, or any other individual law enforcement officer. (Filing No. 79 at 3). In the Defendant's view, evidence of other lawsuits would revive the "perception of some people that the City of Indianapolis has 'deep pockets,'" which "would serve no other purpose other than to confuse the issues in this case." *Id.*

The Court agrees. Evidence of other lawsuits against non-parties IMPD, the City of Indianapolis, or any other individual law enforcement officer not a party to this case is irrelevant to the remaining issues in this case. The IMPD and the City of Indianapolis were dismissed as defendants on summary judgment, and the probative value of other lawsuits against them is substantially outweighed by the potential for confusion. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. Evidence of other lawsuits against Defendant Reynoso are similarly irrelevant and overly prejudicial. Plaintiff has not provided the Court with any evidence that other lawsuits against Officer Reynoso would have any bearing on whether he committed the alleged constitutional violation in this case. Therefore, except to the extent Plaintiff may seek to impeach the Defendant with any prior inconsistent statements made in other cases, Defendant's request to exclude evidence of other lawsuits is **granted**.

### Request 4: Settlement negotiations.

Request 4 seeks to prohibit any reference to or evidence concerning settlement negotiations, which are inadmissible under Federal Rule of Evidence 408. (Filing No. 79 at 3). Rule 408 specifically precludes evidence of "furnishing, promising, or offering – or accepting,

promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise a claim" and "conduct or a statement during compromise negotiations about the claim." Fed. R. Evid. 408. Accordingly, Defendant's request to exclude evidence of settlement negotiations is **granted.** Unless the parties can establish at trial that the evidence is admissible for another purpose permitted under Rule 408(b), neither party may introduce evidence of compromise negotiations during trial.

### Request 7: Testimony by lay witnesses that Defendant's decision to tow Plaintiff's vehicle was improper, unnecessary, excessive, or unlawful.

Request 7 seeks to prohibit Mr. Pedraza from introducing testimony by any lay witness that Officer Reynoso's decision to tow Mr. Pedraza's vehicle was improper, unnecessary, excessive, or unlawful. (Filing No. 79 at 7). The Court agrees. The lawfulness of the towing decision is relevant only to the false arrest claim, which was dismissed on summary judgment. In granting summary judgment on the false arrest claim, the Court found that Officer Reynoso was authorized to tow Mr. Pedraza's vehicle after conducting an inventory search pursuant to IMPD General Order 7.3 and Ind. Code §§ 9-18.1-2-3, 9-18.1-2-10. (Filing No. 71 at 13). Accordingly, testimony regarding the lawfulness of the tow is irrelevant to the remaining issues in the case, and Defendant's request to exclude such evidence is **granted**. This does not preclude Mr. Pedraza from introducing evidence or testimony relating to the effects of the tow and the inventory search for purposes of the damages claim. The Court will defer ruling on that issue until Plaintiff has had an opportunity to submit a belated response, if any, to Request 6 in Defendant's motion *in limine*.

### Request 10: Testimony by lay witnesses that Defendant's decision to arrest Plaintiff was improper, unnecessary, excessive, or unlawful.

Request 10 seeks to prohibit Mr. Pedraza from referencing or introducing testimony by any lay witness that Officer Reynoso's decision to arrest Plaintiff was improper, unnecessary, excessive or unlawful. (Filing No. 79 at 10). The Court agrees. The Court already found on summary

5

judgment that probable cause existed for the arrest and dismissed Plaintiff's false arrest claim. (Filing No. 71 at 11–12). Therefore, any evidence or testimony regarding the lawfulness of the arrest is irrelevant, and Defendant's request to exclude such evidence is **granted**. This does not preclude Plaintiff from introducing evidence or testimony relating to the effects of the arrest for purposes of the damages claim. The Court will defer ruling on that issue until the Plaintiff has had an opportunity to submit a belated response, if any, to Request 9 in Defendant's motion *in limine*.

**Request 11: Testimony relating to any expert reports, records, or opinions of any experts not previously disclosed.**

Request 11 seeks to preclude evidence relating to expert witnesses because Mr. Pedraza has thus far failed to tender any experts or their reports pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. (Filing No. 79 at 12). Rule 26(a)(2) provides that parties must disclose the identity of any expert witnesses and provide an accompanying report at least ninety days before trial or in accordance with a timeline provided by the Court. Fed. R. Civ. P. 26(a)(2)(B), (D). Rule 37(c)(1) instructs that the failure to identify a witness as required by Rule 26(a) bars the proponent from using that witness at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Mr. Pedraza recently tendered a final witness list in accordance with the Court's orders, and that list did not include any expert designations. (*See* Filing No. 97). To the extent Plaintiff plans to supplement his witness list with previously unidentified experts, Plaintiff has not shown that the failure to do so in a timely manner is substantially justified or is harmless. The Court understands and empathizes with counsel's health issues, but he has known about the June 2025 trial date since at least January 2025, and the time for Plaintiff to disclose any experts he wishes to rely on has long passed. The Court will, therefore, **grant** Defendant's request to exclude experts and expert reports not previously disclosed to the Defendant.

**Request 12: Substantive evidence not previously disclosed or discovered.**

Request 12 seeks to preclude the introduction of evidence which has not been timely disclosed pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. (Filing No. 79 at 12). As discussed above, the Federal Rules of Civil Procedure outline the requirements for the timely disclosure and identification of witnesses, lest they be excluded from trial. Rule 26(a) further requires the parties to disclose documents they may use to support their claims or defenses within fourteen days of the Rule 26(f) discovery conference. Fed. R. Civ. P. 26(a)(1)(C). And Rule 26(f) outlines the requirements for creating a discovery plan. Fed. R. Civ. P. 26(f).

The Case Management Plan here dictates that discovery relating to liability issues was to be completed by March 26, 2024, with all other remaining discovery to be completed by September 13, 2024. (Filing No. 17 at 5). Any documents or witnesses disclosed after the agreed-upon deadlines will not be permitted at trial. Defendant's request to exclude such evidence is **granted**.

**Request 14: Other alleged incidents of constitutional violations by Defendant or any of the other involved IMPD officers.**

Finally, Request 14 seeks to preclude evidence or testimony relating to any other alleged incidents of constitutional violations by Officer Reynoso or the other IMPD officers involved in this case. (Filing No. 79 at 13). At this juncture, the Court is not aware of any evidence of other alleged constitutional violations committed by the police officers involved in this case. Nevertheless, the Court agrees with Defendant that the probative value of this evidence is likely substantially outweighed by its prejudicial effect. The Court sees no other use of such evidence other than to show that on this particular occasion, the officers in this case acted in accordance with a particular character trait, in violation of Rule 404(a) of the Federal Rules of Evidence. Thus, the Court **grants** Defendant's request to exclude evidence of other alleged constitutional violations committed by Officer Reynoso or any other officer involved in this case.

## IV.    CONCLUSION

For the reasons explained above, Defendant's Motion *in Limine* (Filing No. 78) is **GRANTED IN PART**.  Plaintiff will have until 5:00 p.m. **Tuesday, June 3, 2025**, to respond to Requests 2, 3, 4, 7, 10, 11, 12 and 14 in Defendant's Motion.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence at the appropriate time.

    **SO ORDERED**.

Date:   5/28/2025

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Brian Coppinger, II
brian.coppinger2@indy.gov

Kiely C Keesler
City of Indianapolis Office of Corporation Counsel
kiely.keesler@indy.gov

Randolph A. Leerkamp
GRESK & SINGLETON
rleerkamp@gslawindy.com

8