**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOSE JESUS PEDRAZA PULIDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01296-TWP-MJD |
| | ) | |
| RENE REYNOSO, JR., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PARTIAL ORDER ON DEFENDANT'S MOTIONS *IN LIMINE***</u>

This matter is before the Court on Defendant Rene Reynoso, Jr.'s ("Defendant" or "Officer Reynoso") Motions *in Limine* (Filing No. 78).  This action is set for a final pretrial conference on June 4, 2025, and a jury trial beginning on June 23, 2025.  The Court previously issued a partial order on Defendant's Motion regarding requests 2, 3, 4, 7, 10, 11, 12, and 14 (Filing No. 106).  Plaintiff Jose Jesus Pedraza Pulido ("Plaintiff" or "Pedraza") has since responded to the Motion with respect to requests 6, 8, and 9, but has elected not to respond to requests 1, 5, and 13 (Filing No. 108).  For the reasons explained in this Order, the remaining *in limine* requests are **granted.**

## I.    BACKGROUND

Mr. Pedraza initiated this civil rights action asserting claims under 42 U.S.C. § 1983 alleging that Officer Reynoso violated his right against unreasonable seizures in violation of the Fourth Amendment of the U.S. Constitution.  The Complaint raised four claims: Count 1 alleged Officer Reynoso, along with the Indianapolis Metropolitan Police Department ("IMPD") and the City of Indianapolis, committed a "Terry Stop" violation because Officer Reynoso lacked reasonable suspicion to initiate a traffic stop of Mr. Pedraza's vehicle.  Count II alleged Officer Reynoso committed false arrest when he arrested Mr. Pedraza without probable cause following

the traffic stop.  Count III was an excessive detention claim against Officer Reynoso, the IMPD, and the City of Indianapolis.  Count IV was a claim for compensatory and punitive damages.

On February 10, 2025, the Court denied Plaintiff's Partial Motion for Summary Judgment and granted in part and denied in part Defendant's Motion for Summary Judgment.  (Filing No. 71).  As to Count I, the Court granted summary judgment with respect to the IMPD and the City of Indianapolis and denied summary judgment with respect to Officer Reynoso.  As to Counts II and III, the Court granted summary judgment with respect to all defendants.  Finally, as to Count IV, the Court granted summary judgment with respect to the claim for punitive damages and denied summary judgment with respect to the claim for compensatory damages.  The sole remaining claim is Plaintiff's Count I: "Terry Stop" claim against Defendant Reynoso and the claim for compensatory damages.

## II.    LEGAL STANDARDS

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

### III.    DISCUSSION

Officer Reynoso moves *in limine* to preclude the admission of fourteen (14) categories evidence. (Filing No. 79). The Court previously granted the motion with respect to requests 2, 3, 4, 7, 10, 11, 12 and 14 and gave Plaintiff additional time to respond to requests 1, 5, 6, 8, 9 and 13. (Filing No. 106). Plaintiff responded with respect to requests 6, 8, and 9 only. (Filing No. 108). The Court will first address Defendant's Motion as to requests as to the unopposed request 1, 5, and 13, before turning to the opposed requests 6, 8 and 9..

### A.    Requests 1, 5 and 13:

Reynoso's Request 1 asks the Court to limit any testimony or reference to "[a]ny and all references to social unrest and protests against law enforcement related to this incident or any alleged constitutional violations or racial profiling by law enforcement involving Indianapolis Metropolitan Police Department ("IMPD") or any other law enforcement agency." (Filing No. 78 at 1). Defendants argue such evidence is irrelevant to the issues at trial. The Court agrees and this unopposed request is **granted**.

Reynoso's Request 5 asks the Court to limit any testimony or reference to "[a]ny and all changes or revisions to IMPD policy that occurred after the incident at issue." *Id*. at 2. Defendants argue such testimony is irrelevant, unfairly prejudicial, confuses the issues, misleads the jury, and inadmissible as a subsequent remedial measure. FED. R. EVID. 401, 403, and 407. The Court agrees and this unopposed request is **granted**.

Reynoso's Request 13 asks the Court to limit "[a]ny  reference, evidence, or testimony discussing the lack of IMPD dash camera video footage of the alleged traffic violations or subsequent traffic stop." *Id*. Reynoso argues that "as an individual officer in a large department, he has no say so as to whether dash cams should be used by IMPD," thus, any reference to the lack

of dash camera footage is irrelevant. (Filing No. 79 at 13).  Plaintiff has presented no argument to show how such evidence might be relevant, accordingly, this unopposed request is **granted**.

B.  **Request 6: Evidence and testimony relating to the towing of Plaintiff's vehicle after the traffic stop at issue and the related vehicle inventory conducted as part of towing the vehicle or damages related to those actions.**

Request 6 seeks to prohibit, for purposes of both liability and damages, all references, evidence, or testimony relating to the towing of Plaintiff's vehicle and the resulting vehicle inventory conducted.  (Filing No. 79 at 4).  Officer Reynoso contends this evidence is irrelevant to the question whether he had reasonable suspicion for the traffic stop, and to the issue of damages.  *Id.* In response, Plaintiff states that he may call a witness who will testify that Officer Reynoso told the witness he was arresting Mr. Pedraza because Mr. Pedraza had lied to him. (Filing No. 108 at 1).  Plaintiff also argues that Officer Reynoso denied having made such a statement.  *Id.*

The Court is not convinced that this witness' testimony is relevant for the purpose of excluding evidence related to the towing of his vehicle or the related inventory check.  While the testimony may bear on whether Officer Reynoso had reasonable suspicion of a traffic violation generally, it says nothing of the relevance of evidence related to the towing of his vehicle or the vehicle inventory conducted as a result.  In any event, evidence related to the tow and inventory check has no bearing on whether Officer Reynoso had reasonable suspicion for the traffic stop.

Plaintiff fails to persuade the Court that evidence surrounding the towing of his vehicle is relevant to his claim for damages.  The Seventh Circuit's decision in *Martin v. Marinez* is instructive.  934 F.3d 594 (7th Cir. 2019).  There, the court explained that "[t]he 'basic purpose' of damages under § 1983 is to 'compensate persons for injuries that are caused by the deprivation of constitutional rights.'" *Id.* (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)).  Section 1983,

therefore, "creates a species of tort liability." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 483 (1994)).  Here, the common law torts upon which the claim for damages may be based are the false arrest and excessive detention claims.  Those claims have been dismissed. Because evidence relating to the tow and inventory check are relevant only to the dismissed false arrest claim, Mr. Pedraza may not recover damages for that claim, and that evidence should be excluded.

Accordingly, Defendant's request to exclude evidence relating to the towing of Plaintiff's vehicle and the related vehicle inventory or damages related to those actions is **granted**.

### C. **Request 8: Any reference to the absence of a tow inventory receipt or report.**

Request 8 seeks to prohibit any reference to the absence of a tow inventory receipt or report. (Filing No. 78 at 2).  The Defendant contends that the because the record at issue is held by a third party and equally available to both parties, Plaintiff should not be allowed to argue an adverse inference be drawn from the absence of the inventory sheet.  (Filing No. 79 at 8).  In any event, Defendant believes the record would be irrelevant to the remaining issues in the case.  *Id.*  In response, Plaintiff argues that both Officer Reynoso and IMPD Deputy Chief Kendale Adams testified that IMPD kept at least one copy of the inventory sheet in their possession, and Plaintiff should be permitted to argue that the search conducted was in error because no "inventory" was conducted.  (Filing No. 108 at 1–2).

Plaintiff is again mistaken.  The sole remaining question for the jury is whether Officer Reynoso had reasonable suspicion for the traffic stop.  Whether or not the search was conducted pursuant to IMPD inventory search policies—and thus, whether the inventory sheet exists—has no bearing on that narrow issue.  Accordingly, Defendant's request to exclude any reference to a missing tow inventory receipt or report is **granted**.

**D.  Request 9: Evidence and testimony relating to Plaintiff's arrest, incarceration, or prosecution, or damages related to those actions.**

Finally, Request 9 seeks to preclude, for purposes of liability and damages, evidence relating to Plaintiff's arrest, incarceration or criminal prosecution after the traffic stop.  Defendant again argues that *Martin* controls, and Plaintiff cannot recover damages beyond the brief traffic stop prior to Defendant's discovery of the expired license plate.  (Filing No. 79 at 9–10).  As a result, evidence of Plaintiff's arrest and criminal prosecution are irrelevant to the remaining issues, including damages.  In response, Plaintiff cites *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986), for the proposition that he is entitled to an instruction on compensatory damages, which include emotional suffering. (Filing No. 108 at 2).

Plaintiff is correct that he will be entitled to an instruction on compensatory damages if the jury finds Defendant liable for the constitutional violation.  *See Memphis Comm. Sch. Dist.*, 477 U.S. at 307 ("[C]ompensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering.") (cleaned up) (citations and quotation marks omitted).  However, for purposes of determining whether the Court should exclude evidence of his criminal prosecution, Plaintiff's reliance on *Memphis Community School District* is misplaced.  In that case, the U.S. Supreme Court merely held that the jury instructions were erroneous because they included as an element of compensatory damages the abstract "value" or "importance" of constitutional rights.  *Id.* at 310.  The Court agrees that such an instruction would be erroneous, so that case is inapposite here.

Instead, the proper analysis for purposes of this Motion derives from *Martin*, in which the Seventh Circuit explained that plaintiffs may recover damages for injuries caused by the deprivation of constitutional rights so long as the damages are "tailored to the interest protected by

6

the particular right in question." *Martin*, 934 F.3d at 599. Defendant argues that evidence of Plaintiff's arrest, incarceration, and subsequent prosecution are too attenuated to the remaining unreasonable seizure claim to permit the recovery of damages based on that evidence. (Filing No. 79 at 9). The Court agrees for two reasons. First, because the Court dismissed Pedraza's claims for false arrest and excessive detention, the only Fourth Amendment injury being redressed is the brief initial seizure before Officer Reynoso discovered the expired license plate. "Allowing [Mr. Pedraza] to recover damages for his subsequent imprisonment, set in motion by an arrest supported by probable cause … would be inconsistent with the rule in *Carey* that damages should be tailored to protect the right in question." *Id.* at 605. Second, although "foreseeable damages arising from a constitutional violation may be recovered," *id.* at 600, the discovery of the expired license plate and unregistered firearm were "intervening and superseding causes" of his prosecution, foreclosing Mr. Pedraza's claim for damages from all events that followed, *see id.* at 605.

Accordingly, evidence of Mr. Pedraza's arrest, incarceration, and prosecution are irrelevant to the issues of liability and damages, and Defendant's request to exclude such evidence is **granted**.

## IV.    CONCLUSION

For the reasons explained above, Defendant's Motion *in Limine* (Filing No. 78) is **GRANTED IN PART**.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order become relevant or otherwise admissible during the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date:   6/4/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Brian Coppinger, II
brian.coppinger2@indy.gov

Kiely C Keesler
City of Indianapolis Office of Corporation Counsel
kiely.keesler@indy.gov

Randolph A. Leerkamp
GRESK & SINGLETON
rleerkamp@gslawindy.com